*Court of Common Pleas, Dauphin County, December 15th, 1851.*

NISLEY *v.* THE HARRISBURG, PORTSMOUTH, MOUNT JOY AND
LANCASTER RAILROAD.

A contractor or laborer has no power to bind a railroad company for materials
furnished for the construction of the road. A railroad company, having
only a right of way over land, has no right to take stone, or other mate-
rials upon the line of its track, to aid in the construction of the road.

BY THE COURT.—Several of the exceptions in this case, if
supported by evidence, would be fatal to the verdict of the inquest.
If the jury refused to hear evidence, that the stone used in the
work of the company was obtained from the petitioner by con-
tract on the part of Leader, who did the work, they fell into gross
error, fatal to their verdict. It was most essential testimony. If
a contract was made for the sale of the stone to Leader, the com-
pany is not liable. No evidence is adduced to establish the ex-
ception: so far as Leader speaks on the subject in his deposition,
he contradicts it. The company is not liable in any case for ma-
terials used, except when taken under the direction of the president,
some of the managers, or other known officers or agents; among
whom should be classed engineers employed by it, having charge
of the construction of the work. The law creating this corpora-
tion never conferred on a mere contractor or laborer the power to
enter on the property of citizens residing along the line of the
road, and take their materials. The person so entering would be
a trespasser. Nor did it subject the company to a claim for
damages on account of a trespass not authorized by it, though the
act of its officers or admitted agents. If a bargain was made to
sell the stone to the contractor, Mr. Nisley should pursue him, and
not the company. The exceptor is equally at fault in regard to
the third and fourth exceptions. They would both be good, if
true; but there is no proof on the subject. The fifth exception
has not one word of proof to sustain it. No one proves what was
allowed or disallowed by the jury, or on what evidence their ver-
dict was founded. We are by no means prepared to say, that the
jury could not allow the owner compensation for the materials
taken from the bed of the road, provided, on the whole, he was
injured thereby. Unless the company purchased and own the
land over which the road was laid, they do not own the materials
excavated from its bed. It has an undoubted right, under its
charter, to level and fill up the track of the road, so as to give it
the proper grade; but when materials are excavated, they belong
to the owner of the land. The company has only the right of
way. It can take the necessary timber, stones, gravel, etc., either
on or off the track of the road, by paying for it. The question

[Mumma *v.* Harrisburg, Portsmouth, Mount Joy and Lancaster Railroad Co.]

does not fairly arise here, as it is to be presumed, until the contrary is proved, that the jury had sufficient evidence before it, that the petitioner's materials were taken under the order of the company, and acted on that evidence.  So far as Leader states anything, it is that he took the stone from certain points of hills to straighten the road, by order of the engineer.  Whether on or off the track he does not know ; it does not appear that even that proof was made at the inquest.  Everything is desired, nothing admitted by the petitioner.  We must act alone on the evidence before us.  As the exceptions are not supported by any proof, they are overruled, and the verdict of the jury of inquiry is affirmed.

AFFIRMED BY THE SUPREME COURT, May 20th, 1852. Not reported.

*Alricks and Kunkel, for plaintiff.*

*Parke and Fox, for defendant.*